UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHENEL DEROUSSEAU,

    Plaintiff,

v.   Case No. 8:24-cv-2224-WFJ-AAS

BRUCE COOPER, *et al.*,

    Defendants.
_____/

## **ORDER**

*Pro se* Plaintiff Chenel Derousseau initiated this action by filing a civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). On October 3, 2024, the Court ordered Mr. Derousseau to show cause why this case should not be dismissed for abuse of the judicial process because he failed to truthfully disclose all his prior federal cases, as required by the complaint form. (Doc. 2). Mr. Derousseau filed a response. (Doc. 3). After careful consideration, the Court concludes that this action must be dismissed without prejudice for abuse of the judicial process.

The complaint form required Mr. Derousseau to disclose, among other things, all "other lawsuits" he had filed "in state or federal court . . . relating to the conditions of [his] confinement." (Doc. 1 at 9-10). Mr. Derousseau listed only one case: *Derousseau v. Judd*, No. 8:16-cv-389-EAK-AEP (M.D. Fla.). (*Id.* at 10). In response to another question on the complaint form (whether he had filed other lawsuits "dealing with the same facts involved in this action"), Mr. Derousseau disclosed a second case: *Derousseau v. Polk County*

*Sheriff's Office*, No. 8:16-cv-151-EAK-TGW (M.D. Fla.). (*Id.* at 9). As noted in the show-cause order, the Court independently identified several other cases brought by Mr. Derousseau that were not disclosed on the form:

1. *Derousseau v. Judd*, No. 2:16-cv-873-JES-MRM (M.D. Fla.)
2. *Derousseau v. Judd*, No. 8:16-cv-2873-EAK-AAS (M.D. Fla.)
3. *Derousseau v. Judd*, No. 8:16-cv-3002-SDM-MAP (M.D. Fla.)
4. *Derousseau v. Judd*, No. 8:16-cv-3357-JDW-AAS (M.D. Fla.)
5. *Derousseau v. Judd*, No. 8:17-cv-71-VMC-TGW (M.D. Fla.)
6. *Derousseau v. Winter Haven Police Dep't*, No. 8:24-cv-1120-SDM-TGW (M.D. Fla.)

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. It has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's civil-rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011). In *Redmon*, the Eleventh Circuit affirmed the dismissal of a prisoner's civil-rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the

form, but the court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked [p]laintiff to disclose previously filed lawsuits." *Id.* at 226. The court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

*Id.* at 225-26. The failure to exercise candor in completing the form impedes the court in managing its caseload and merits the sanction of dismissal. *See id.*; *Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district court was entitled to dismiss [plaintiff's] complaint based on his failure to fully disclose his litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to dispose of successive cases that relitigate old matters).

In his response to the show-cause order, Mr. Derousseau claims that he failed to fully disclose his litigation history because an order in an earlier action—*Derousseau v. Winter Haven Police Dep't*, No. 8:24-cv-1120-SDM-TGW (M.D. Fla.)—"led him to believe that there were only four cases on record." (Doc. 3 at 1). This explanation lacks credibility. The order in question noted that, "*[i]n addition to other actions*," four of Mr. Derousseau's prior lawsuits had been dismissed as frivolous, malicious, or for failure to state a claim. *Derousseau v. Winter Haven Police Dep't*, No. 8:24-cv-1120-SDM-TGW,

Doc. 3 at 2 (M.D. Fla. May 31, 2024) (emphasis added). Nothing in that order suggested that the four listed actions were the only "cases on record." (Doc. 3 at 1). To the contrary, the order made clear that Mr. Derousseau had filed "other actions."

Regardless, Mr. Derousseau did not disclose all four lawsuits cited in the earlier order. Instead, he listed only two prior actions. (Doc. 1 at 9-10). Mr. Derousseau seeks to explain this omission by claiming that he "missed" the portion of the complaint form that states: "If there is more than one [prior] lawsuit, describe the additional lawsuits on another page, using the same format." (Doc. 3 at 1; *see also* Doc. 1 at 10). But Mr. Derousseau's "claimed misunderstanding of the complaint form does not excuse his failure to truthfully disclose his litigation history." *Villardefrancos v. Cnty. of Alachua*, No. 1:22-cv-280-AW-ZCB, 2022 WL 18359379, at *2 (N.D. Fla. Dec. 16, 2022), *adopted by* 2023 WL 258354 (N.D. Fla. Jan. 18, 2023). Nor does his "failure to carefully read" the complaint form justify his lack of candor. *Merritt v. Dep't of Corr.*, No. 5:19-cv-144-TKW-MJF, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Lebarr v. Fla. Dep't of Corr.*, No. 5:21-cv-233-TKW-MJF, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) ("[A] sanction is warranted to deter Plaintiff and others from carelessly filling out the civil rights complaint form . . . ."). Mr. Derousseau's explanation is especially unpersuasive "considering his extensive litigation history" in this district. *Stewart v. Desantis*, No. 5:24-cv-337-WFJ-PRL, 2024 WL 3849892, at *2 (M.D. Fla. Aug. 16, 2024).

For all these reasons, the Court finds that Mr. Derousseau's failure to fully disclose his previous lawsuits constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549

- 5 -

U.S. 199, 215 (2007). An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice. Mr. Derousseau will not be prejudiced by this dismissal. He may refile his claims in a new case under a new case number, using the proper form and making the requisite disclosures.

Accordingly, this case is **DISMISSED without prejudice**. Such dismissal counts as a "strike" for purposes of the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (finding that district court did not err in finding an abuse of judicial process and issuing a strike where plaintiff did not list all his prior federal cases). The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 17, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**